**FEDERAL TRADE COMMISSION,**
**Plaintiff,**

v.

**FREEMAN HOSPITAL and Tri–State**
**Osteopathic Hospital Association, Inc.**
**d/b/a Oak Hill Hospital, Defendants.**

No. 95–5015–CV–SW–1.

United States District Court,
W.D. Missouri,
Southwestern Division.

May 8, 1995.

**332**

Janice Charter, Denver, CO, for plaintiff.

Antonio DeBlasio, Chicago, IL, for defendants.

## ORDER

WHIPPLE, District Judge.

Pending before the Court is Defendants' motion to dismiss the FTC's amended complaint for failure to state a claim. Said motion together with Defendants' suggestions in support, filed March 6, 1995, and the FTC's suggestions in opposition, filed March 14, 1995, were reviewed by the Court. After due consideration of the above, for the reasons set forth below, the motion is denied.

### I. Standard for Motion to Dismiss

■ Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must presume that all factual allegations of a complaint are true and make all reasonable inferences in favor of the nonmoving party. *Haynesworth v. Miller*, 820 F.2d 1245, 1249 n. 11 (D.C.Cir. 1987). A complaint should be dismissed for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). As a practical matter, "a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Robinson v. MFA Mutual Ins. Co.*, 629 F.2d 497, 500 (8th Cir.1980).

### II. Background

This dispute arises from the planned consolidation of two hospitals in Joplin, Missouri: Freeman Hospital ("Freeman") and Tri-State Osteopathic Hospital Association, Inc. d/b/a Oak Hill Hospital ("Oak Hill"). Freeman is a non-profit Missouri corporation that operates a 193–bed general acute care hospital. Oak Hill is a non-profit Missouri corporation that operates a 105–bed general acute care facility. Freeman and Oak Hill have agreed to consolidate their hospital operations.

Under the planned consolidation, all of the assets, liabilities, activities, and management of the two hospitals will be combined to form a new non-profit corporation to be known as Health Southwest Alliance of Missouri, Inc.

The FTC, fearing a reduction in competition, seeks injunctive relief to prevent the consolidation from taking place. Specifically, the FTC seeks a preliminary injunction to restore and maintain Oak Hill as an independent, acute care hospital pending final disposition of administrative proceedings before the FTC that will determine whether this consolidation violates section 7 of the Clayton Act, 15 U.S.C. § 18.

### III. Discussion

Defendants assert that the FTC's amended complaint must be dismissed because it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Specifically, Defendants claim that the FTC has no jurisdiction under the Clayton Act to regulate a pure asset transaction between non-profit charitable organizations. Section 7 of the Clayton Act provides:

> [n]o person engaged in commerce or in any activity affecting commerce shall acquire, directly or indirectly, the whole or any part of the **stock or other share capital and no person subject to the jurisdiction of the Federal Trade Commission** shall acquire the whole or any part of the assets of another person ... where ... the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly.

15 U.S.C. § 18 (emphasis added).

Section 7's two jurisdictional prongs reach: (1) acquisitions of stock or other share capital; and (2) acquisitions of assets by persons subject to the jurisdiction of the FTC. Prong one does not apply to Freeman or Oak Hill because, as not-for-profit entities, neither hospital issues stock or share capital. *See United States v. Rockford Memorial Corp.*, 898 F.2d 1278, 1280–81 (7th Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990). Consequently, under the first prong, the FTC does not have jurisdiction over this transaction.

The second prong presents a more formidable barrier to Defendants' jurisdictional argument. Defendants contend that, as not-for-profit entities, Freeman and Oak Hill are not persons "subject to the jurisdiction of the [FTC]." While the FTC alleges that this proposed merger violates Section 7 of the Clayton Act, Defendants contend the FTC's jurisdiction is defined and limited by the Federal Trade Commission Act ("FTC Act"). Section 4 of the FTC Act grants the FTC authority to regulate only those companies "organized to carry on business for ... profit." 15 U.S.C. § 44. Defendants assert that because Freeman and Oak Hill are not-for-profit entities that do not operate for their own profit or that of their members, this transaction is not subject to the jurisdiction of the FTC. *See United States v. Carilion Health System*, 707 F.Supp. 840, 841 n. 1 (W.D.Va.), *aff'd*, 892 F.2d 1042 (4th Cir. 1989).

The FTC's rejoinder to Defendants' argument is that the Clayton Act alone controls the issue of jurisdiction. The FTC relies principally upon the decisions in *FTC v. University Health, Inc.*, 938 F.2d 1206 (11th Cir.1991), and *United States v. Rockford Memorial Corp.*, 898 F.2d 1278 (7th Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990). In these cases, both the Seventh and Eleventh Circuits determined that the language in Section 7 of the Clayton Act, "persons subject to the jurisdiction of the FTC," refers not to the FTC Act, but to the jurisdictional provisions of the Clayton Act itself. Section 11 of the Clayton Act, 15 U.S.C. § 21, gives authority to five federal government agencies to enforce the Clayton Act. The Interstate Commerce Commission, the Federal Communications Commission, the Civil Aeronautics Board, and the Federal Reserve Board are each given enforcement authority for their particular areas of expertise. However, for "all other character of commerce," the authority to enforce Sections 2, 3, 7, and 8 of the Clayton Act is vested in the FTC. 15 U.S.C. § 21.

Based on the structure of the Clayton Act, the *University Health* and *Rockford* courts reasoned that Section 7 merely exempts the FTC from exercising jurisdiction over industries regulated by another one of the federal agencies noted above. Because the hospital industry, whether for profit or not, is not regulated by any of the other agencies and is not expressly exempted from the Clayton Act, it falls within the domain of the FTC.

In addition, when Congress amended Section 7 in 1950 to broaden its reach, it also amended Section 11, lending further credence to the idea that the Clayton Act is self-contained and does not depend on an outside grant of jurisdiction from the FTC Act. *Rockford*, 898 F.2d at 1280. Consequently, both the *University Health* and *Rockford* courts held that the reference in Section 7 to the jurisdiction of the FTC refers to Section 11 of the Clayton Act, rather than to the FTC Act.

In arguing that the Court should look to the FTC Act in determining the FTC's jurisdiction to enforce Section 7, Defendants hang their hat on a passage from the Supreme Court decision in *United States v. The Philadelphia National Bank*, 374 U.S. 321, 335, 83 S.Ct. 1715, 1726, 10 L.Ed.2d 915 (1963). Defendants claim this decision supports their contention that FTC jurisdiction should be interpreted by reference to the FTC Act. Defendants rely on the following passage:

> [b]y its terms, the present § 7 reaches acquisitions of corporate stock or share capital by any corporation engaged in commerce, but it reaches acquisitions of corporate assets only by corporations 'subject to the jurisdiction of the Federal Trade Commission.' The FTC, under § 5 of the Federal Trade Commission Act, has no jurisdiction over banks. 15 U.S.C. § 45(a)(6). Therefore, if the proposed merger be deemed an assets acquisition, it is not within § 7.

*Id.* at 335–36, 83 S.Ct. at 1726–27 (footnotes omitted).

However, Defendants fail to point out that the Supreme Court looked to the FTC Act only after it first examined the reach of Section 11. The Court found that under Section 11 the FTC has no jurisdiction over banks because banking is an area specifically regulated by the Federal Reserve Board. "The exclusion of banks from the FTC's jurisdiction appears to have been motivated by the fact that banks were already subject to extensive federal administrative controls." *Id.* at 336 n. 11, 83 S.Ct. at 1727 n. 11. Unlike banks, hospitals are not specifically governed by one of the other federal agencies named in Section 11 of the Clayton Act

and, thus, are subject to jurisdiction by the FTC as part of "all other character of commerce."

Finally, Defendants attempt to bolster their position by relying on the Eighth Circuit decision in *Community Blood Bank of Kansas City Area, Inc. v. Federal Trade Commission*, 405 F.2d 1011 (8th Cir.1969). In *Community Blood Bank*, the petitioners challenged an FTC decision that held they had engaged in unfair methods of competition in violation of § 5(a) of the FTC Act, 15 U.S.C. § 45(a). The Eighth Circuit held that not-for-profit entities were exempt from the FTC Act and set aside the FTC decision. *Id.* at 1022. From this holding, Defendants draw the conclusion that the FTC can never acquire jurisdiction over any not-for-profit entities operating as true charitable organizations.

However, the precedential value of the *Community Blood Bank* decision is confined to actions, unlike the one at bar, that involve an alleged violation of the FTC Act. More importantly, the Eighth Circuit specifically held in *Community Blood Bank* that the Clayton Act "not only make[s] no distinction between business and nonprofit corporations as does the FTC Act, but [it] contain[s] no language whatsoever that would limit jurisdiction to particular types of corporations." 405 F.2d at 1018. Hence, the Eighth Circuit recognized that the Clayton Act is "all-embracing" and not subject to the jurisdictional limitations imposed by the FTC Act. *Id.* at 1018.

## IV. Conclusion

In summary, this Court is in accord with the reasoning and conclusions of the *University Health* and *Rockford* decisions and finds that the FTC has jurisdiction to regulate a pure asset transaction between not-for-profit hospitals.

It is therefore ORDERED that Defendants' motion to dismiss the FTC's amended complaint for failure to state a claim is DENIED.